## MORRISSEY v. UNITED STATES. *
### No. 7070.

Circuit Court of Appeals, Ninth Circuit.
April 30, 1934.

For former opinion, see 67 F.(2d) 267.

David H. Cannon and Byron C. Hanna, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and John R. Laying, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

*Rehearing denied April 30, 1934.

WILBUR, Circuit Judge.

The appellant, in his petition for a rehearing, urges that the court did not deal with, and consequently may not have considered, an assignment of error based upon an exception to an instruction which the appellant in his briefs on appeal contended was an erroneous statement of law.

Inasmuch as the appellant at the trial conceded that the instruction of which he now complains was a correct statement of the law, it seemed unnecessary to deal with the matter which was urged for the first time on appeal. The instruction objected to was to the effect that if the jury found the transaction to be what the defendants contended it was, that is, that the purchase of the company's stock was by and for the company, and that the loan for such purchase was made by the bank to and for the company, that in that event the stock of the company so purchased would not be security for the loan so made. This for the reason no doubt that the effect of the purchase by the company of its own stock was to retire the stock. The appellant in his brief did not discuss the numerous California decisions cited by the government sustaining the rule of law stated by the court in its instruction, and only mentioned one of them. It is sufficient now to say that the point now urged was expressly waived by the able attorney, now deceased, who represented the appellant at the trial. He stated: "I am not asking the court at this time to change its statement of law, but I did wish the court to instruct the jury as to whether or not that fact would affect any witness who did not have knowledge of the fact that that was the law."

A majority of the court think the petition should be denied.